**CHRISTENSEN JAMES & MARTIN**
KEVIN B. CHRISTENSEN, ESQ. (175)
LAURA J. WOLFF, ESQ. (6869)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
kbc@cjmlv.com, ljw@cjmlv.com
*Attorneys for the Southern Nevada Operating
and Maintenance Engineers Apprenticeship
and Training Trust Fund*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \* \* \*

| | |
|---|---|
| THE SOUTHERN NEVADA OPERATING AND MAINTENANCE ENGINEERS APPRENTICESHIP AND TRAINING TRUST FUND, by and through its designated fiduciary Tom O'Mahar, <br><br> Plaintiff, <br><br> vs. <br><br> BRADY LINEN SERVICES, LLC, a Nevada limited liability company, <br><br> Defendant. | CASE NO.: <br><br> **COMPLAINT FOR BREACH OF CONTRACT** |

The Plaintiff, the Southern Nevada Operating and Maintenance Engineers Apprenticeship and Training Trust Fund, by and through its designated fiduciary Tom O'Mahar ("Plaintiff", "Trust" or "JATC"), by and through its attorneys, Christensen James & Martin, Chtd., for its causes of actions, complains, asserts and alleges as follows:

**JURISDICTION & VENUE**

1. This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3),

to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2.  This Court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and labor organization in an industry affecting commerce, without respect to the amount in controversy or the citizenship of the parties.

3.  To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

4.  Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the Judicial District in which the Trust is administered.

**PARTIES**

5.  The Trust is an express trust created pursuant to a written declaration of trust, consistent with § 302(c) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 186(c)], between the Union and those employers who heretofore have agreed to or who have become bound by Collective Bargaining Agreements with the Union (defined below), which agreements provide for contributions by said employers to the Trust.

6.  The Board of Trustees of the Trust is comprised of fiduciaries, as that term is defined in ERISA [29 U.S.C. § 1002(21)].

7.  At all times material herein, the International Union of Operating Engineers, Local No. 501 ("Union") has been a labor organization representing employees in the construction industry in southern Nevada. The Union is a labor organization representing

employees in an industry affecting commerce within the meaning of § 301(a) of the Labor Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)].

8. Defendant Brady Linen Services, LLC ("Brady" or "Defendant") is a Nevada limited liability company doing business as a laundry and linen service in Clark County, Nevada.

## GENERAL ALLEGATIONS

9. Defendant is party to that certain Labor Agreement with the Union (hereafter collectively "CBA") wherein Defendant is obligated by the CBA to pay the Annual JATC Contribution Assessments ("Annual Assessments"), based upon Brady's Operating Engineers on payroll as of June 30 of each year, to the Plaintiff.

10. Specifically, Article 38 of the CBA states:

> Contributions. Effective September 2009, and annually thereafter, the Employer shall remit to (sic) the Southern Nevada Operating and Maintenance Engineers Apprentice and Training Trust Fund the sum of Six Hundred Three Dollars and Twenty Cents ($603.20) multiplied by the number of engineers on his payroll as of the thirtieth day of June immediately preceding.

11. Article 38 of the CBA also provides that every employer who enters into the CBA "shall become a party to the Agreement and Declaration of Trust establishing the Southern Nevada Operating and Maintenance Engineers Apprenticeship and Training Trust Fund."

12. Article IV of the Second Restated Agreement and Declaration of Trust ("Trust Agreement") for the JATC provides:

> Contributions to the Fund shall be payable on such periodic basis as required by the relevant Collective Bargaining Agreement or participation agreement. Any report not completed and filed and any Contribution not tendered in full by the tenth (10th) day of the month following the time period (i.e. annual, monthly or other time frame) in which the covered work was performed or paid for, as the case may be, shall be delinquent.

13. The Trust Agreement further provides that upon failure to pay contributions (Annual Assessments) in a timely manner, liquidated damages shall be assessed at one and one-

-3-

half percent (1 1/2%) per month of each delinquent Contribution [not to exceed twenty percent (20%)], interest shall be assessed at the rate of eighteen percent (18%) and attorney's fees and costs will be assessed and become due and owing to the JATC. *See also* 29 U.S.C. § 1132(g)(2).

14. On or about October 11, 2016, the Plaintiff sent Brady a payment demand ("Demand") and Invoice No. 6536 in the sum of $24,128.00, to collect Defendant's Annual Assessments, based upon Brady's forty (40) Operating Engineers on payroll as of June 30, 2016 ("Assessments Delinquency").

15. Prior to and after the Demand, Plaintiff has made other requests that Defendant pay the Assessments Delinquency, as required by the CBA and Trust Agreement.

16. However, Defendant has failed to pay the required Assessments Delinquency.

17. Consistent with the CBA and Trust Agreement, the JATC has initiated this legal proceeding to enforce the requirements of the CBA and Trust Agreement against the Defendant.

**FIRST CAUSE OF ACTION**
[Breach of Contract – 29 U.S.C. § 1132(a)(3)]

18. The Plaintiff herein restates and realleges the above allegations.

19. ERISA allows a fiduciary to enjoin any act or practice which violates any the terms of the plan, or to obtain other appropriate equitable relief and redress such violations or to enforce any provisions of the terms of the plan.

20. As fiduciaries of the Trust, the Trustees are required to enforce the Trust provisions of the CBA and require that Defendant pay the Annual Assessments.

21. The LMRA governs suits for violation of contracts between an employer and a labor organization.

22. By virtue of the express terms of the CBA, Defendant is required to pay Annual Assessments as described herein and is bound to the terms of the Trust Agreement.

23. According to the CBA and applicable law, Defendant has breached the express terms of the CBA and Trust Agreement by failing to immediately and fully comply with and pay the Annual Assessments to the Plaintiff.

24. The failure of Brady to properly and timely pay the Assessments Delinquency, as detailed in the preceding paragraphs, constitutes violations of ERISA, the LMRA and material breach of the CBA and Trust Agreement.

25. Brady is contractually delinquent to the Trust and is obligated by the CBA, Trust Agreements, the LMRA and ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, to pay the Assessments Delinquency, accrued interest, liquidated damages and attorney's fees and costs, in an amount to be proven at trial.

26. As a result of the Defendant's violation of the terms of the CBA, the Plaintiff has sustained damages and is entitled to an order enforcing the terms of the CBA and requiring Defendant to pay the Assessments Delinquency in the amount of $24,128.00, plus accruing interest and liquidated damages against the Defendant.

27. Defendant's actions, in failing to respond to multiple demands for the Assessments Delinquency, has required the Plaintiff to retain legal counsel and initiate this lawsuit to enforce the Plaintiff's rights under the CBA, which would not have been necessary if Defendant had provided a timely response and paid the Assessments Delinquency.

28. Pursuant to 29 U.S.C. § 1132(g)(1), the Court shall award reasonable attorney's fees and costs to the Plaintiff.

**SECOND CAUSE OF ACTION**
[Equitable Relief – 29 U.S.C. § 1132(a)(3)(B)]

29. The Plaintiff herein restates and realleges the above allegations.

30. The Plaintiff has the right to enforce the terms of the CBA and require that Defendant pay the Assessments Delinquency.

31. The regular and prompt payment of the Annual Assessment is essential to the maintenance of the JATC and an employer's failure to make timely contributions can adversely impact the financial health and stability of the training plan.

32. The actions of Defendant in failing to comply or to ensure compliance with the CBA in paying the Assessments Delinquency, as described herein, constitute violations of ERISA and the LMRA and are damaging to the well being of the JATC.

33. The contract breaches and violations of ERISA and the LMRA harm the Plaintiff, because they place at risk the JATC's ability to provide required education and training to its apprentices.

34. The Plaintiff's remedies at law are not sufficient to adequately compensate the Plaintiff or its apprentices from past harm caused by said violation, or to protect the JATC from the harm or threat of harm caused by a similar future violation.

35. Plaintiff is likely to prevail on the merits of its claims.

36. Plaintiff is entitled to equitable relief affirmatively compelling Defendant to pay the Assessments Delinquency in the amount of $24,128, plus accruing interest and liquidated damages for the benefit of Plaintiff.

37. Defendant's actions, in failing to respond to multiple demands for the payment of the Assessments Delinquency, has required the Plaintiff to retain legal counsel and initiate this lawsuit to enforce the Plaintiff's rights under the CBA, which would not have been necessary if Defendant had provided a timely response and paid the Assessments Delinquency. Therefore, the Plaintiff is entitled to an award of reasonable attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for Judgment against Defendant, as follows:

1. For the Court's Order compelling Defendant to pay the Assessments Delinquency;

2. For liquidated damages in amounts to be proven at trial;

3. For accrued interest on the Assessments Delinquency from its due date until paid;

4. For damages for breach of contract;

5. For Plaintiff's reasonable attorney's fees and costs of suit incurred herein;

6. For such additional relief as may be provided under 29 U.S.C. § 1132;

7. For such additional equitable relief as the Court may deem appropriate under 29 U.S.C. § 1132(a)(3); and

8. For such additional relief as this Court may deem just and proper.

Dated this 12th day of January, 2017.

                                                            CHRISTENSEN JAMES & MARTIN

                                                            By:   /s/ Laura J. Wolff
                                                                  Laura J. Wolff, Esq.
                                                                  Nevada Bar No. 6869
                                                                  7440 W. Sahara Avenue
                                                                  Las Vegas, Nevada 89117
                                                                  Telephone:  (702) 255-1718
                                                                  Facsimile:  (702) 255-0871
                                                                  Email: ljw@cjmlv.com
                                                                  *Attorneys for the Southern Nevada Operating and Maintenance Engineers Apprenticeship and Training Trust Fund*